UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD FARRIOR,

    Applicant,

v.                                              CASE NO. 8:21-cv-1447-SDM-NHA

SECRETARY, Department of Corrections,

    Respondent.
_____/

**<u>ORDER</u>**

    This action proceeds under Farrior's amended application under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 20), in which he challenges his convictions for tampering with a witness, domestic battery by strangulation, and battery. Farrior is imprisoned for fifteen years. In response the respondent requests (Doc. 32) a dismissal of the application as time-barred. Farrior files neither a reply in support of his application nor an opposition to the request to dismiss. Because he has not replied, Farrior fails to contest the respondent's calculation of the limitation. As independently determined below, the respondent correctly calculates the limitation, which shows that the application is untimely.

    Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Farrior's conviction became final on May 8, 2012.[*] Absent tolling for a timely post-conviction application in state court, the federal limitation barred his claim one year later on May 8, 2013. Farrior filed many state post-conviction motions and petitions, at least one proceeding was pending almost without interruption from April, 2012 until September, 2016. Even affording tolling for that entire time, Farrior's federal limitation expired, at the latest, in September, 2017. Farrior filed his federal application more than three years later in April, 2021. In his amended application Farrior admits his untimeliness by explaining that he "had no idea or knowledge about a 2254 petition nor the timeline to file." (Doc. 20 at 19) A *pro se* litigant's ignorance of the law will neither excuse an untimely filing nor qualify for equitable tolling. *See Outler v. United States*, 485 F 3d 1273, 1282 n. 4 (11th Cir. 2007) (noting that a *pro se* litigant is "deemed to know of the one-year statute of limitations"). Additionally, Farrior's application fails to show a possible basis either to equitably toll the limitation or for the actual innocence

---

[*] Farrior's direct appeal concluded on February 8, 2012. (Respondent's Exhibit 15) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

- 2 -

exception to the limitation. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("We have also held that a prisoner's failure to set forth grounds to excuse his delay in seeking state habeas relief 'precludes a finding that he exercised due diligence.'") (quoting *Rivers v. United States*, 416 F 3d 1319, 1323 (11th Cir. 2005).

Farrior's amended application (Doc. 20) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Farrior and **CLOSE** this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Farrior is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Farrior must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Farrior is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Farrior must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 23, 2024.

                                          STEVEN D. MERRYDAY
                                          UNITED STATES DISTRICT JUDGE